[Crim. No. 12165. Third Dist. Aug. 26, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
DENNIS DWAYNE BARNES, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*See *post*, page 668.

### Counsel

Philip F. Stanger, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian and John K. Van de Kamp, Attorneys General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Robert D. Marshall and Christine M. Diemer, Deputy Attorneys General, for Plaintiff and Respondent.

### Opinion

**SPARKS, J.**—In this case we consider the standard to be applied to a defendant's motion to relieve his privately retained counsel and appoint the public defender in his stead. We hold that such a motion is governed by the same standard as a motion for substitution of one appointed counsel for another.

Defendant Dennis Dwayne Barnes appeals from a judgment sentencing him to state prison after the trial court found him guilty of five counts of attempted murder in violation of Penal Code sections 664 and 187, and found that in the commission of each crime he used a firearm within the

meaning of Penal Code section 12022.5. The trial court further found that defendant was sane at the time of the commission of his crimes.

In this published portion of our opinion we review defendant's contention that the trial court erred in denying his motion to discharge his retained counsel and appoint the public defender in his place. We reject that contention and affirm the judgment.

DISCUSSION

Defendant contends the trial court erred in refusing to permit him to substitute counsel. This contention arises from two instances. In the first, when the matter came on for sentencing, retained counsel asked for a continuance. The reason for the continuance was that counsel had only recently received the probation report and wished to be allowed time to prepare a response and to submit information in mitigation. At that time trial counsel also indicated he had a disagreement with defendant on certain motions to be filed. Counsel believed the motions were without merit and that he should not file motions without potential merit. He noted that defendant was "really having a problem with me," and that he would have to ask to be relieved. Defendant spoke to the question of relieving trial counsel. He essentially agreed that his problem was counsel's unwillingness to file his suggested motions. The court advised counsel to consider the motions, and reminded him that many motions are filed which have no merit. The court granted the continuance, and refused to relieve counsel and appoint the public defender.

When the matter came on for sentencing for the second time, defendant was permitted to file his motions and to speak to them. The motions were denied. Defendant then requested a continuance to obtain counsel to argue the probation report. He indicated a general complaint that he did not have any legal representation. The court denied the request for a continuance, allowed counsel to argue, and proceeded with sentencing.

With regard to the first incident where defendant expressed disagreement with his counsel, we must note that he was not requesting to substitute retained counsel for another retained counsel. He sought instead the appointment of the public defender. ■ Such a motion is tantamount to a substitution of appointed counsel and we conclude it must be considered by the same standards. ■ It is a matter of judicial discretion whether to substitute appointed counsel in the absence of a sufficient showing that a defendant's right to counsel would otherwise be substantially impaired. (*People* v. *Walker* (1976) 18 Cal.3d 232, 238 [133 Cal.Rptr. 520, 555 P.2d 306].) A disagreement as to tactics and strategy is not sufficient reason to require a substitution of counsel. (*Ibid.*; *People* v. *Stewart* (1970) 6

Cal.App.3d 457, 464-465 [86 Cal.Rptr. 153].) And a defendant cannot compel the substitution of counsel through his own intransigence and failure to cooperate. (*People* v. *Kaiser* (1980) 113 Cal.App.3d 754, 761 [170 Cal.Rptr. 62].) What is required of a trial court when a request for substitution is made is that the court allow the defendant to explain his reasons and then exercise judicial discretion. (*People* v. *Marsden* (1970) 2 Cal.3d 118, 124 [84 Cal.Rptr. 156, 465 P.2d 44].) Where the court permitted such an explanation, the decision of the court will not be reversed in the absence of an abuse of discretion. (*People* v. *Walker, supra,* 18 Cal.3d at p. 238.)

■ Defendant was permitted to explain his reasons for the request for a substitution of counsel. His explanation showed a pure and simple disagreement as to tactics and strategy, and no abuse of the trial court's discretion appears. Parenthetically, we have reviewed the motions which defendant wished to have filed and we agree with counsel they were utterly without merit. Defendant sought a new trial based upon his claim that he had not waived a jury trial on the guilt issue, dismissal of the charges under Penal Code section 995, and the dismissal of the charges for denial of a speedy trial. The record contains clear explanations to defendant and express waivers by him of the rights he now asserts. Counsel was correct that his duties as attorney for defendant did not require him to engage in frivolous and time-consuming posttrial motions.

When defendant appeared for sentencing two weeks after his original request for substitution of counsel he did not again request a substitution of a court-appointed counsel for his retained counsel; instead he requested a continuance to obtain new counsel. He indicated that he believed he had no legal representation, and had no one to come in and defend him. The court noted the matter had already been continued for two weeks, and refused to continue it again.

■ When a defendant requests a continuance in order to obtain new counsel a trial court must consider the circumstances of the case, particularly the reasons presented at the time the request is made. (*People* v. *Kaiser, supra,* 113 Cal.App.3d at p. 760.) The trial court is required to exercise discretion, and an exercise of such discretion will not be disturbed on appeal unless it is shown that the right to counsel was substantially impaired by the continued representation of counsel. (*Id.,* at p. 761.) ■ Defendant presented no legally cognizable reason for requiring a continuance to obtain new counsel. His general dissatisfaction with counsel is not sufficient, and he offered to provide no specific reasons for desiring new counsel. The trial court was aware that sentencing had already been continued for two weeks and defendant had been aware that he would be sentenced at that time. A defendant cannot continually delay his day of judgment by

discharging counsel (*ibid.*), and we find no abuse of discretion in the denial of the continuance.

The remaining contentions presented in this appeal do not merit publication under California Rules of Court, rule 976. They are discussed and rejected in an unpublished opinion. (Cal. Rules of Court, rule 976.1.)

The judgment is affirmed.

Regan, Acting P. J., and Carr, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 16, 1983.